UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**SAM KNOPFLER, on behalf of himself and all similarly situated consumers**,

        *Plaintiff*,

   -vs-

**NORTHSTAR LOCATION SERVICES, LLC**,

        *Defendant*.

**ANSWER**

Civil No. 12-cv-3670

---

     Defendant, Northstar Location Services, LLC, by its attorneys, Hiscock & Barclay, LLP, as and for its Answer to the Complaint of plaintiff, alleges as follows:

### INTRODUCTION

     1.    Denies the allegations contained in Paragraph 1 of the Complaint.

### PARTIES

     2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

     3.    The allegations contained in the Paragraph 3 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

     4.    The allegations contained in the Paragraph 4 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

- 2 -

5. Admits the allegations contained in Paragraph 5 of the Complaint.

6. Admits the allegations contained in Paragraph 6 of the Complaint.

7. The allegations contained in the Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. The allegations contained in the Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in the Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

## ALLEGATIONS PARTICULAR TO SAM KNOPFLER

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.**

18. Repeats and realleges its respective responses to those paragraphs repeated and realleged in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraphs 22, 22(a), 22(b), 22(c), and 22(d), 22(e), of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. The allegations contained in the Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

### Violations of The Fair Debt Collection Practices Act

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies each and every other allegation contained in said Complaint not herein before admitted, denied, or otherwise controverted.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

29. The Complaint is barred by the doctrines of *res judicata*, collateral estoppel and/or release of liability.

1. A Stipulation of Settlement dated August 30, 2011 was entered into by the parties in the consolidated class action entitled *Anthony Felix v. Northstar Location Services, LLC; Donnie Jo Harb v. Northstar Location Services* (1:11-cv-00166) (the "*Felix* case"). That case involves the identical allegations alleged by Plaintiff in the class action Complaint herein, namely, that the defendant left telephonic messages which did not communicate that the message was from a debt collector. The plaintiff herein is a class member of the class to be certified in the *Felix* case.

2. In the *Felix* case Stipulation of Settlement, the Settlement Class Representative Plaintiffs, on behalf of themselves and each of the Settlement Class Members, which includes the plaintiff herein, subject to certain specified terms, fully, finally, and forever resolved, discharged,

- 5 -

and settled all released rights and claims against the defendant. Plaintiff's class action is therefore precluded.

### SECOND AFFIRMATIVE DEFENSE

3. With respect to Plaintiff's allegations in the Complaint, any violations alleged by the Plaintiff were not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonable adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

4. No actions/inactions by Defendant or its employees, agents and/or representatives, were the actual, proximate or legal cause of any of Plaintiff's alleged damages or injuries.

### FOURTH AFFIRMATIVE DEFENSE

5. The Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

6. Plaintiff, upon information and belief, has brought this action against Northstar Location Services, LLC, in bad faith and for the purposes of harassment, in violation of 15 U.S.C. 1692(k).

### SIXTH AFFIRMATIVE DEFENSE

29. Any damages and claims asserted by the Plaintiff are barred or circumscribed by 15 USC 1692k.

30. Defendant reserves the right to amend other defenses which may become apparent through the course of discovery of this case.

**WHEREFORE,** Defendant respectfully requests that the Court: (i) enter judgment in its favor; (ii) dismiss the plaintiff's Complaint against it; (iii) award Defendant's attorneys' fees and costs; and (iv) grant such other and further relief as the Court deems just and proper.

**DATED:** November 30, 2012	**HISCOCK & BARCLAY, LLP**

By:   s/ Paul A. Sanders
         Paul A. Sanders

*Attorneys for Defendant*
Office and Post Office Address
2000 HSBC Plaza
100 Chestnut Street
Rochester, New York 14604
Telephone: (585) 295-4426
Fax: (585) 295-8422
E-mail: psanders@hblaw.com

6791187.1